**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01324-MSK-NYW

GREG A. CLARKSON,

Plaintiff,

v.

UNIVERSITY OF DENVER, A COLORADO NON-PROFIT CORPORATION,

Defendant.

---

**AMENDED ANSWER**

---

Defendant University of Denver ("DU") through its attorneys, Constangy, Brooks, Smith, & Prophete, LLP, pursuant to Fed. R. Civ. P. 15(a)(1)(A), hereby amends its Answer to plaintiff's Complaint and Jury Demand, and admits, denies, and states the following:

1. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1, and therefore denies them.

2. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2, and therefore denies them.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## JURISDICTION

8. DU admits that plaintiff purports to invoke the jurisdiction of the Court pursuant to Title VII of the Civil Rights Act.

9. Admitted.

10. DU admits that plaintiff's office was located at the referenced address, and denies that it engaged in any unlawful employment practice.

11. DU admits that plaintiff purports to invoke the jurisdiction of this Court, and seek relief, pursuant to the cited statutes, and denies that it has engaged in any unlawful actions pursuant to any statute or that plaintiff is entitled to any relief.

12. DU denies any and all liability under any state law; and states that this Complaint contains no state law claims, and that plaintiff is not seeking to invoke the Court's supplemental jurisdiction.

13. DU denies the allegations in paragraph 13.

## ADMINISTRATIVE PROCEDURES

14. DU admits that plaintiff filed a charge with the Equal Employment Opportunity Commission on or about June 15, 2015, denies the allegations contained in the charge, and states that the charge speaks for itself.

15. Admitted.

## NATURE OF THE CASE

16. Denied.

17. Denied.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. DU incorporates its responses in paragraphs 1 through 17 above.

19. Admitted.

20. Admitted.

21. DU admits that plaintiff was over the age of 40 and a resident of Colorado during the relevant period; and denies the remaining allegations in paragraph 21.

22. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 22, and therefore denies them.

23. Denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 27, and therefore denies them.

28. Denied.

29. Admitted.

30. DU admits that plaintiff received promotions and raises during his employment with DU, and denies the remaining allegations in paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. DU admits that Burnham was told by plaintiff that he suffered generally from depression, dyslexia, and a back injury, and denies the remaining allegations in paragraph 35.

36. Denied.

37. Denied.

38. Admitted.

39. Denied.

40. Denied.

41. DU admits that plaintiff contacted the Office of Equal Opportunity, states that the referenced letter speaks for itself, and denies the remaining allegations in paragraph 41.

42. Admitted.

43. DU admits that plaintiff contacted the Office of Equal Opportunity on or about October 2, 2014, states that the referenced letter speaks for itself, and denies the remaining allegations in paragraph 43.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. DU states that plaintiff's salary was increased by DU, not any particular individual employee; and denies the remaining allegations in paragraph 48.

49. DU admits that its Office of Equal Opportunity concluded its investigation and issued an investigative report in July 2015, states that the report speaks for itself, and denies the remaining allegations in paragraph 49.

## FIRST CLAIM FOR RELIEF
## (Title VII – Age Discrimination in Employment Act)

50. DU incorporates its responses in paragraphs 1 through 49 above.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. DU admits that plaintiff held the position of Hardware Analyst, and is currently a Telecommunications Analyst; and denies the remaining allegations of paragraph 55.

56. DU admits that plaintiff's job duties involve software analysis; and denies the remaining allegations of paragraph 56.

57. Denied.

58. Denied.

59. DU admits that plaintiff's technical training was not at the level as some of his coworkers, and denies the remaining allegations in paragraph 59.

60. Denied.

61. DU admits that Kenneth Harris was hired to fill the Analyst I position, which was opened after Albert Arellano retired; and denies the remaining allegations in paragraph 61.

62. DU admits that plaintiff was not invited to attend the MPLS informational meetings, states that the meetings were attended by engineers, not analysts; and denies the remaining allegations in paragraph 62.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. DU admits that plaintiff performed, and still performs, troubleshooting duties; and denies the remaining allegations in paragraph 67.

68. Denied.

69. Denied.

70. Denied

71. Denied.

72. DU admits that the job responsibilities of all employees in the University Technology Services division were modified and updated, and denies the remaining allegations in paragraph 72.

73. Denied.

74. DU admits that Alexander Khramov was hired as an Assistant Director; and denies the remaining allegations in paragraph 74.

75. DU admits that the network system experienced difficulties, and denies the remaining allegations in paragraph 75.

76. DU admits that James Conyers was hired, and denies the remaining allegations in paragraph 76.

77. Denied.

78. Denied.

79. Denied.

80. DU admits that it has hired engineers; and denies the remaining allegations in paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

**SECOND CLAIM FOR RELIEF**
**(Title VII – Discrimination – Disability/Handicap Breach of Confidentiality – Americans with Disabilities Act)**

86. DU incorporates its responses in paragraphs 1 through 85 above.

87. Denied.

88. Denied.

89. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 89, and therefore denies them.

90. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 90, and therefore denies them.

91. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 91, and therefore denies them.

92. Denied.

93. Denied.

94. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 94, and therefore denies them.

95. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 95, and therefore denies them.

96. DU admits that plaintiff submitted a request for time off, and denies the remaining allegations in paragraph 96.

97. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 97, and therefore denies them.

98. DU admits that plaintiff has advised Burnham that he suffers generally from depression; and denies the remaining allegations in paragraph 98.

99. Denied.

100. Admitted.

101. Denied.

102. Denied.

103. Denied.

104. DU admits that Burnham needed all his employees on duty to meet the demands of returning students for the new quarter, and denies the remaining allegations in paragraph 104.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. DU admits that plaintiff complained of suffering an off-the-job injury, and states that it is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 109, and therefore denies them.

110. DU admits that plaintiff submitted a certification of his medical restrictions to DU, and states that the certification speaks for itself.

111. DU states that the certification speaks for itself.

112. DU admits that plaintiff's duties involved some amount of lifting, states that the lifting tasks were performed by other employees, and denies the remaining allegations in paragraph 112.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. DU is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 117, and therefore denies them.

118. DU admits that plaintiff informed DU of his injury, and denies the remaining allegations in paragraph 118.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. DU admits that plaintiff has had difficulty accomplishing certain tasks in a timely manner; and denies the remaining allegations in paragraph 123.

124. DU admits that working on Red Cap is one of plaintiff's job performance goals; and denies the remaining allegations in paragraph 124.

125. DU admits that plaintiff complained to the Office of Equal Opportunity, and denies the remaining allegations in paragraph 125.

126. Denied.

127. Denied.

128. DU admits that plaintiff's department was compartmentalized into engineers and analysts, and denies the remaining allegations in paragraph 128.

129. DU admits that plaintiff complained to Cindy Crouch about interpersonal conflicts between Burnham and himself, and denies the remaining allegations in paragraph 129.

130. Paragraph 130 contains assertions of law, to which no response is necessary. To the extent that a response is necessary, DU denies the allegations in paragraph 130.

131. DU admits that it kept plaintiff's private health information separate from his personnel records, and restricted such information from his supervisors and coworkers in accordance with applicable laws; and denies the remaining allegations in paragraph 131.

132. Paragraph 132 contains assertions of law, to which no response is necessary. To the extent that a response is necessary, DU denies the allegations in paragraph 132.

133. DU admits that Burnham provided limited information to plaintiff's coworkers about his restrictions, and asked them to provide plaintiff assistance with lifting; and denies the remaining allegations in paragraph 133.

134. DU admits that Burnham sent an e-mail about plaintiff's back injury in order to ensure that other employees would cover plaintiff's lifting duties; and denies the remaining allegations in paragraph 134.

135. DU admits that plaintiff voluntarily brought up his medical and health issues during a discussion with Burnham; and denies the remaining allegations in paragraph 135.

136. Denied.

137. DU admits that its managers are trained on applicable laws, including the handling of medical information; and denies the remaining allegations in paragraph 137.

138. Denied.

**THIRD CLAIM FOR RELIEF**
**(Retaliation – Title VII – Americans with Disabilities Act/Age Discrimination in Employment Act)**

139. DU incorporates its responses in paragraphs 1 through 138 above.

140. Denied.

141. Denied.

142. DU admits that plaintiff complained about Burnham, and requested lifting assistance from Burnham; and denies the remaining allegations in paragraph 142.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

**FOURTH CLAIM FOR RELIEF**
**(Title VII – Inadequate Investigation by Defendant)**

152. DU incorporates its responses in paragraphs 1 through 151 above.

153. Denied.

154. Admitted, except that the report was issued by the Office of Equal Opportunity.

155. Denied.

156. DU states that Paragraph 156 contains assertions of law, to which no response is necessary. To the extent that a response is necessary, DU denies the allegations in paragraph 156.

157. Denied.

## PRAYER FOR RELIEF

DU denies that plaintiff is entitled to any relief or recovery, including any and all relief enumerated in sub-paragraphs 1 through 14.

## ANSWER TO ALL ALLEGATIONS

Each and every allegation not expressly admitted herein is denied.

## FIRST DEFENSE

With respect to each cause of action, plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent he has failed to exhaust his administrative remedies as to those claims or allegations.

## FOURTH DEFENSE

DU's actions were taken in good faith based on legitimate business reasons unrelated to any protected characteristic.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent he relies on alleged incidents outside the applicable statute of limitations.

**SIXTH DEFENSE**

DU has implemented and promulgated policies prohibiting discrimination, harassment and retaliation, and mechanisms for the reporting of complaints related to those policies, and plaintiff has failed to avail himself of those complaint mechanisms.

**SEVENTH DEFENSE**

Plaintiff did not engage in any protected activity.

**EIGHTH DEFENSE**

Plaintiff's claim for punitive damages are barred because DU made good faith efforts to comply with the law, including promulgating anti-discrimination/anti-retaliation policies and providing training, and had reasonable grounds for believing that its actions were not in violation of the law.

**NINTH DEFENSE**

DU took prompt, effective remedial action appropriate to plaintiff's complaint.

**TENTH DEFENSE**

Plaintiff has not been subjected to any adverse employment action.

WHEREFORE, Defendant University of Denver requests that plaintiff's Complaint and Jury Demand be dismissed with prejudice, and that Defendant be awarded its reasonable fees and costs and any other relief deemed appropriate by the Court.

Respectfully submitted this 23rd day of August, 2016.

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

*s/ Jim Goh*
Jim Goh
Heidi Wilbur
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: 720-343-7570
Facsimile: 730-343-7571
jgoh@constangy.com
hwilbur@constangy.com

*Attorneys for Defendant*

**Address of Defendant:**

General Counsel's Office
University of Denver
Mary Reed Building, Room 101
2199 South University Blvd.
Denver, CO 80208

**CERTIFICATE OF SERVICE**

I hereby certify that on this __ day of August, 2016, I electronically filed the foregoing AMENDED **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Charles W. Hemphill
cwh@hemphilllawfirm.com

*s/ Janis Creekmore*
Janis Creekmore