**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01324-MSK-NYW

GREG A. CLARKSON,

Plaintiff,

v.

UNIVERSITY OF DENVER, A COLORADO NON-PROFIT CORPORATION,

Defendant.

---

**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM**

---

Defendant University of Denver ("Defendant" or "DU"), through its attorneys Constangy, Brooks & Smith, LLP, pursuant to Fed. R. Civ. P. 45, respectfully requests that the Court quash the subpoena deces tecum issued to Molly Rossi on February 9, 2017 which demands that Ms. Rossi produce various documents at her deposition on February 14, 2017. DU intends to produce Ms. Rossi, a supervisory employee at DU, for her deposition scheduled for February 14, 2017, pursuant to a Notice of Deposition issued by Plaintiff.

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that she has conferred with Plaintiff's counsel via telephone and discussed the subpoena, DU's objections to the subpoena, and this Motion. Plaintiff's counsel indicated that Plaintiff would be willing to withdraw the discovery requests in the subpoena if DU provides the requested documents through written discovery. However, DU is not willing to waive its objections to the written discovery requests, and as of the time that this Motion is being filed, Plaintiff's counsel has not responded as to whether Plaintiff's withdrawal of the subpoena requests is conditioned on waiver of such

objections. Because the time for compliance with the subpoena is imminent, DU is filing the present Motion to preserve its rights.[1] Upon information and belief, Plaintiff opposes the present motion.

## I. Statement of Facts

The Scheduling Order in this case states that "[t]he parties may propound their last requests for production of documents and/or requests for admissions no later than 45 days prior [to the] discovery deadline." (Dkt. #16.) In a hearing on January 30, 2017, the Court amended the Scheduling Order, setting a discovery deadline of March 10, 2017 for all parties, and allowing the parties to propound written discovery 33 days prior to the discovery deadline. (Dkt. #35.) In accordance with this deadline, written discovery requests were due to be served by February 6, 2017.

On February 8, 2017 (after the Court's deadline), Plaintiff served his Supplemental Discovery Requests to Defendant, which included three interrogatories and two requests for production. *See* Supplemental Discovery Requests, attached as Exhibit A. Specifically, Plaintiff sought documents showing "all comparator wage information for each employee in Chad Burnham's department or under Chad Burnham's supervision" and "all documentation concerning the 2015 Salary Change in Compensation Study." Plaintiff also sought an explanation about the qualifications for engineers and "how wage increases and salaries are set or determined in the department in which Plaintiff is employed."

[1] DU apologizes for not contacting Chambers prior to filing this Motion pursuant to NYW Civ. Practice Standard 37.1. Due to the short time between the issuance of the subpoena and the time for compliance, as well as the possibility as of February 13 that the Parties might reach an agreement with respect to this dispute, DU was unable to contact Chambers prior to filing the present Motion. However, DU determined that it was necessary to file the Motion in order to preserve its rights. DU nonetheless remains open to informal resolution of this matter.

On February 9, 2017, Plaintiff served a subpoena duces tecum directed to Molly Rossi, Employee Relations Consultant for the University of Denver. *See* Subpoena, attached as Exhibit B. The subpoena requested that Ms. Rossi appear for a deposition on February 14, a date which had been previously agreed upon by the Parties, but it also commanded Ms. Rossi to produce four types of documents at the deposition:

- All wage information for all employees under the supervision of, or in the department of, Chad Burnham, for the time period January, 2014 to the present;
- Any written criteria as to salary adjustments for all employees under the supervision of, or in the department of, Chad Burnham, for the time period January, 2014 to the present;
- Any written criteria for job qualifications for engineer positions under the supervision of, or in the department of, Chad Burnham for the time period January, 2014 to the present; and
- All documentation concerning the Salary Change in Compensation Study performed by the University of Denver, or at the request of the University of Denver, in or around August, 2015 (UTS Compensation Study).

In other words, Plaintiff issued a subpoena demanding that an individual employee of DU produce (in three business days) almost the exact same information sought in Plaintiff's untimely Supplemental Discovery Requests, which were served one day prior to the subpoena.

## II. <u>Standard of Review</u>

Rule 45 of the Federal Rules of Civil Procedure governs the requirements for serving subpoenas. According to Rule 45, a subpoena must "command each person to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things *in that person's possession, custody, or control.*" Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added). Fed.

R. Civ. P. 45(d)(3)(A) states that a court "must quash or modify a subpoena" that, among other things, either "fails to allow a reasonable time to comply" or "subjects a person to undue burden."

## III. <u>Argument</u>

### a. Plaintiff's Subpoena Is an Improper Attempt to Circumvent the Rules of Discovery.

Plaintiff's subpoena is improper and should be quashed for several reasons. First, Plaintiff's subpoena is an attempt to make an end-run around the rules of discovery and the deadlines in the Court's Scheduling Order in order to obtain expedited production of documents which could have been requested much earlier in the case. It is well-settled that a party cannot use a subpoena duces tecum to circumvent proper discovery procedures or obtain discovery after a discovery deadline has passed. *See, e.g.*, *Sansom v. Milyard*, 2011 WL 7563815, at *3 (D. Colo. June 13, 2011) (quashing subpoena duces tecum seeking same documents that were subject of a previously filed motion to compel); *Rice v. United States*, 164 F.R.D. 556, 556-58 (N.D. Okla. 1995) (quashing subpoena duces tecum issued after discovery cut-off); *Buhrmaster v. Overnite Transp. Co.*, 61 F. 3d 461, 464 (6th Cir. 1995) (affirming decision to quash subpoena seeking documents where plaintiff used subpoena to circumvent discovery deadline). Plaintiff's attempt to circumvent the Court-imposed February 6 deadline must be rejected.

Unlike most subpoenas issued under Rule 45, Plaintiff's subpoena is directed to a party opponent, a supervisory employee of DU, rather than to a non-party. Because the subpoena was directed to a party opponent, Plaintiff could and should have timely requested the very same information through Rule 34 requests for production and Rule 33 interrogatories. Indeed, Plaintiff issued almost identical requests *to DU* the day before serving the subpoena. *Compare* Ex. A to Ex. B. Rule 33 and 34, however, provide DU with thirty days to respond to the requests. Fed. R.

Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). By using a subpoena to issue the same requests he already issued through written discovery, Plaintiff is improperly attempting to get around this time limit by demanding that DU produce the documents in five days (three business days) instead of thirty. *See Sansom*, 2011 WL 7563815, at *3.

The documents at issue are not items that were recently discovered. Indeed, the subpoena asks for wage and qualification information about potential comparators which could have been requested at any stage of the case. Likewise, DU discussed the Compensation Study in its response to Plaintiff's Interrogatory Nos. 15 and 20 and within documents produced in early November of 2016. Therefore, there is no reason that Plaintiff could not have requested the documents described in the subpoena at an earlier stage of the case. Instead, Plaintiff waited until after the deadline to serve written discovery had passed and proceeded to demand that an individual witness produce the documents within five days (three business days). This effort to thwart the discovery rules and deadlines in this case should not be permitted.

**b. Molly Rossi is Not the Custodian of the Documents at Issue.**

As mentioned above, Plaintiff's subpoena duces tecum was issued to an employee of DU rather than a non-party. Ms. Rossi was asked to testify in her personal capacity rather than as a corporate witness under Fed. R. Civ. P. 30(b)(6). Under Rule 45, however, a subpoena may only request documents in the possession, custody, or control of the person to whom the subpoena is directed. Importantly, Ms. Rossi is not the custodian of the documents requested in the subpoena. *See* Rossi Declaration, attached as Exhibit C. Ms. Rossi is unable to obtain the requested documents without the aid of various other DU employees. *Id.* Accordingly, the subpoena is defective because it seeks documents which are not in the possession, custody, or control of Ms. Rossi. Courts routinely quash subpoenas which demand production of documents from individuals

who are not the proper custodians for such documents. *See, e.g.*, *Sansom*, 2011 WL 7563815, at *3 (quashing subpoena that was not served on the records custodian for the information requested in the subpoena); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995) (declining to compel compliance with subpoena where subpoena for documents was issued to individual employee rather than defendant corporation)

Moreover, the Tenth Circuit has not yet decided whether a Rule 45 subpoena duces tecum may be issued on a party opponent. *Wagoner v. EMC Mortg., LLC*, 2013 WL 12086643, at *2 (D. Wyo. Feb. 12, 2013). However, courts have recognized the "strong policy reasons favoring the use of Rule 34 of the Federal Rules of Civil Procedure as opposed to Rule 45 of the Federal Rules of Civil Procedure to obtain documents and information from a party opponent." *Id.* Even where courts have enforced subpoenas against party opponents however, they have only done so where the party opponent would not be prejudiced by the subpoena. For example, in *Wagoner*, the court enforced a subpoena duces tecum issued to a party opponent; however, it noted that enforcement would not be prejudicial because the subpoena provided the defendant with 30 days to respond, the same amount of time which would have been permitted with a Rule 34 request for production. *Id.* Here, DU would clearly suffer prejudice if the subpoena is enforced because it would be required to produce documents outside the discovery time limits and in only three business days rather than the full 30 days allowed by the rules. Due to the volume of documents being requested (which are not in Ms. Rossi's custody) and the extremely short time permitted by the subpoena to provide them, Plaintiff's subpoena poses an undue burden on DU and Ms. Rossi and does not provide a reasonable amount of time to comply. Therefore, the subpoena should be quashed. *See, e.g.*, *Sansom*, 2011 WL 7563815, at *3 (quashing subpoena and noting that two days was not a reasonable time to comply).

**CONCLUSION**

For the reasons described above, DU respectfully requests that the Court quash the subpoena duces tecum issued to Molly Rossi which requires Ms. Rossi to produce various documents at her deposition.

Dated this 13th day of February, 2017.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ Heidi K. Wilbur*
Jim Goh
Heidi K. Wilbur
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: (720) 343-7533
Email: jgoh@constangy.com
Email: hwilbur@constangy.com

Attorneys for Defendant University of Denver

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2017, I electronically filed the foregoing **DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Charles W. Hemphill
cwh@hemphilllawfirm.com

*s/ Heidi Wilbur*
Heidi Wilbur