**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 16-cv-01324-MSK-NYW

GREG A. CLARKSON,

Plaintiff,

v.

UNIVERSITY OF DENVER, a Colorado Non-Profit Corporation,

Defendant.

---

# FINAL PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

Date of Pretrial Conference: June 18, 2018

Plaintiff's Counsel:
Charles W. Hemphill
The Law Offices of Charles W. Hemphill
8441 West Bowles Avenue
Suite 250
Littleton, CO 80123
Telephone: (303) 933-7886
Facsimile: (303) 933-7889
E-Mail: cwhemphillaw@hemphilllawfirm.com

Defendant's Counsel:
Jim Goh
Heidi Wilbur
Constangy, Brooks, Smith & Prophete, LLP
600 17th Street
Suite 2700-S
Denver, CO 80202
Telephone: (720) 343-7570
Facsimile: (720) 343-7571
E-Mail: jgoh@constangy.com
hwilbur@constangy.com

## 2. JURISDICTION

Plaintiff seeks damages and recovery for discrimination based upon his age. This claim falls under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623, §621, 626 *et seq*, which incorporates by reference §26(b), 29 U.S.C.A. §216(b), of the Fair Labor Standards Act of 1938, as amended 29 U.S.C.A. §201, *et seq*.

This court has jurisdiction over Plaintiff's claims pursuant to 28 USC §1331, §1343 and §1391. The alleged unlawful practices occurred in the City and County of Denver, State of Colorado, therefore, the United States District Court for the District of Colorado has jurisdiction over this matter.

## 3. CLAIMS AND DEFENSES

Claim 1: Discrimination under the Age Discrimination in Employment Act ("ADEA")

Plaintiff has the burden of proof by a preponderance of the evidence

1. Plaintiff is over 40 years of age.
    a. The parties stipulate that Plaintiff was 59 years old at the time the complaint was filed and is currently 62 years old.
2. Plaintiff suffered an adverse employment action.
    a. Plaintiff alleges that he suffered the following adverse employment actions:
        i. Failure to be promoted, which resulted in wage loss;
        ii. Denial of training opportunities which were materially related to the Plaintiff's job responsibilities or possibilities for advancement;
        iii. Significant reassignment of job duties;

iv. Failure by his former supervisor, Chad Burnham (hereinafter "Burnham"), to increase his salary;

v. Younger employees were treated more favorably; and

vi. Plaintiff will establish that he was more experienced, employed longer, more educated than other candidates in his department and, pursuant to Defendant's job description, qualified for an Engineering position. Plaintiff will prove that his job responsibilities were removed or reassigned to younger, less experienced employees. Plaintiff will prove that employees with far less qualifications for the positions were promoted and received higher wages than Plaintiff. Younger employees were also provided with training opportunities that were denied to Plaintiff and, in at least one case, led to a promotion for the younger employee. Burnham created positions for younger, less experienced, less educated employees to fill those positions and did not provide Plaintiff with an opportunity to apply for said positions. These facts can be established and Plaintiff will prove these actions by way of Plaintiff's testimony, Burnham's testimony, James Conyers' testimony, Molly Rossi's testimony, Plaintiff's expert witness testimony (Jeffrey Nehls) and Exhibits 1, 2, 3, 5, 6, 7, 8, 9, 16, 23 and 24. Plaintiff was qualified for promotions and salary increases. Plaintiff has been employed by Defendant for over 31 years. Plaintiff possesses Associate's and Bachelor of Arts Degrees and enough additional college credits for a Master's Degree. Plaintiff possesses experience in

telecommunications systems. Based upon Defendant's job description, Plaintiff was qualified for the Engineer position. This element will be proven by way of Plaintiff's and Burnham's testimony and Exhibits (same as identified above.

b. In contrast, Defendant will present the following facts and evidence with respect to each alleged adverse employment action:

   i. Failure to promote, resulting in wage loss. To disprove this element, Defendant will present the following facts:

      1. Plaintiff has failed to show that there is an overwhelming disparity in qualifications between himself and those promoted/reclassified to engineering positions. Indeed, Plaintiff was vastly less qualified than his alleged comparators. (Testimony of Plaintiff; Chad Burnham; Gary Starling; Marcelo Lew; James Conyers; Mike Mott; Exhibits 7-8, 10-17, 19-23, 25)

      2. Plaintiff has since been promoted to an engineering position and is not meeting his performance expectations in that position. (Testimony of Gary Starling; Exhibits 26-28, 58)

      3. At the time the lawsuit was filed, Plaintiff was the highest-paid and most senior-level Analyst in his unit. (Testimony of Burnham; Exhibits 9, 29)

      4. As an Analyst, Plaintiff failed to complete network-related assignments typical of those which an engineer would regularly

perform. (Testimony of Burnham; Plaintiff; Exhibits 10-14, 17, 19-22, 30)

ii. Denial of training opportunities which were materially related to Plaintiff's job responsibilities or possibilities for advancement. To disprove this element, Defendant will present the following facts:

1. Plaintiff was permitted to attend any and all training which was related to his job responsibilities. (Testimony of Burnham; Plaintiff; Exhibits 4, 31-32)

2. When Plaintiff was denied the opportunity to attend a particular training, it was because the alleged training was either unrelated to his job duties or it was, in fact, a sales pitch. (Testimony of Burnham; Khramov; Plaintiff; Exhibits 33-35)

iii. Objectively significant reassignment of job duties. To disprove this element, Defendant will present the following facts:

1. Due to the nature of technology, Plaintiff's job duties have been changing and evolving throughout his employment at DU. (Testimony of Chad Burnham; Plaintiff; Cindy Crouch; Exhibits 23-24, 36, 38-44)

2. Plaintiff's job title did not change and his pay and hours were not reduced as a result of any changes. (Testimony of Plaintiff; Chad Burnham; Exhibits 6, 45-46)

3. Changes to Plaintiff's job duties were not significant enough to be considered an adverse action. (Testimony of Plaintiff; Chad Burnham; Exhibits 17, 21-24, 36-37, 42-43, 47-48)

4. Plaintiff failed to complete his assignments and perform his job satisfactorily. (Testimony of Burnham; Exhibits 10-14, 17, 19-23, 30)

iv. Failure to increase Plaintiff's salary. To disprove this element, Defendant will present the following facts:

1. While working under Chad Burnham's supervision, Plaintiff received a $14,000 raise, which increased his salary by approximately 22%. (Testimony of Plaintiff; Burnham; Crouch; Exhibits 1, 6)

2. Plaintiff received annual merit increases every year while he was being evaluated by Burnham. (Testimony of Burnham; Exhibits 6, 45-46)

v. Younger employees were treated more favorably. To disprove this element, Defendant will present the following facts:

1. Younger employees were not treated more favorably. (Testimony of Crouch; Burnham; Exhibit 9)

2. The younger employees were not performing work that was similar to Plaintiff's. (Testimony of Burnham; Crouch; Exhibits 3, 7-8, 16, 23, 25, 49)

3. Defendant would not have taken the adverse actions but-for Plaintiff's age.

   a. Plaintiff alleges the following facts and evidence: Burnham made age related comments, including inquiries as to when Plaintiff intended to retire, Burnham allowed younger employees to attend training classes, which in, at least one case, resulted in a younger employee receiving a promotion. Burnham removed and reassigned most of Plaintiff's job duties and responsibilities to younger workers. These actions can be proven by way of Plaintiff's, Burnham's, Plaintiff's co-workers' testimony.

   b. To disprove this element, Defendant will present the following facts and testimony:

      i. Any changes to Plaintiff's job duties were caused by legitimate non-discriminatory factors such as evolving technology, changes to the structure of the UTS division affecting all UTS employees, and Plaintiff's own medical restrictions. (Testimony of Cindy Crouch; Chad Burnham; Exhibits 23, 39, 45, 50-52)

      ii. Any denial of training opportunities was caused by legitimate non-discriminatory factors, such as the training being unrelated to Plaintiff's job duties or merely a sales pitch. (Testimony of Chad Burnham, Alex Khramov, Plaintiff; Exhibits 23, 33-35)

      iii. James Conyers did not receive training that was denied to Plaintiff, which enabled him to receive a promotion to an engineering position. In fact, Conyers had years of day-to-day experience that made him much more

qualified for the engineer position than Plaintiff. (Testimony of James Conyers, Chad Burnham; Exhibits 4, 16, 23)

iv. The alleged comparators were much more qualified for their engineering positions than Plaintiff. (Testimony of James Conyers, Marcello Lew, Mike Mott, Chad Burnham, Gary Starling; Exhibits 7-8, 10-17, 19-23, 25)

v. Some of the individuals who were promoted are also over the age of 40. (Testimony of Mike Mott, Marcelo Lew)

vi. Plaintiff was not qualified to be an engineer. (Testimony of Chad Burnham, Gary Starling; Exhibits 10-15, 17, 19-23, 25, 53)

vii. The alleged age-related remark has been misrepresented and was made in the context of discussing Plaintiff's career goals. (Testimony of Chad Burnham)

viii. Plaintiff did not express interest in the jobs at issue. (Testimony of Plaintiff; Burnham; Exhibits 54-57)

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defense 1: Mitigation of Damages

Defendant has the burden of proof by a preponderance of the evidence.

Elements:

1. Plaintiff has failed to mitigate his damages for lost compensation.

   a. Defendant will offer the following in support of this defense:

i. Plaintiff did not apply for, or express interest in, the promotions he alleges he should have received. (Testimony of Chad Burnham; Plaintiff; Exhibits 54-57)

ii. Plaintiff failed to meet performance expectations and goals that would have made him a qualified candidate for a promotion to an engineering position. (Testimony of Chad Burnham; Alex Khramov; Exhibits 10-14, 17, 19-22, 30)

1. Plaintiff's economic evaluation expert, Jeffrey Nehls, M.A. of Pacey Economics, on November 29, 2016, opined that Plaintiff's economic losses were $153,700. This opinion will be presented by way of live testimony from Mr. Nehls. Additionally, Plaintiff is entitled to recover his attorney's fees and costs expended in litigation. Plaintiff's attorney's fees exceed $140,000 and his costs exceed $15,000. Both of these will significantly increase as the trial approaches and is conducted.

**4. STIPULATIONS**

1. Defendant, DU is a not-for-profit corporation doing business in the state of Colorado.
2. Plaintiff was over the age of 40 and a resident of Colorado during the time periods relevant to this action.
3. Plaintiff began his employment for Defendant in December 1986 as a Computer Operator.
4. Plaintiff is currently an Information Security Engineer for Defendant.
5. Plaintiff's current supervisor is Gary Starling.

6. From 2001 until early 2018, Plaintiff was a Telecommunications Analyst III for Defendant.
7. Starting in February 2013**,** Plaintiff's supervisor was Chad Burnham, the Director of Telecommunication Services for Defendant.
8. Around the end of the 2015-2016 performance year, Plaintiff was transferred to the supervision of Alex Khramov, Assistant Director for Telecommunications Services.
9. Plaintiff injured his back in early 2015 which led to him being put under a lifting restriction.
10. Plaintiff complained about age discrimination to Defendant's Office of Equal Opportunity.
11. Defendant investigated Plaintiff's age discrimination claim and issued a report in August of 2015 for an investigation that began in October of 2014.

## 5. PENDING MOTIONS

There are no motions currently pending before this court. Defendant intends to file a motion in limine to exclude hearsay testimony from Thomas Rinnert and Plaintiff.

## 6. WITNESSES

See Attached Joint Witness List.

1. Non-expert witnesses:
    a. The following witnesses will be present at trial:
        i. For Plaintiff:
            1. Plaintiff, Greg Clarkson, P.O. Box 602, Bailey, CO 80421 – (303) 816-1843. Mr. Clarkson is the Plaintiff in this matter and will provide testimony relevant to the allegations made in his complaint.
            2. Chad Burnham – 2100 South High Street, Denver, CO 80210 - (303) 871-4441. Mr. Burnham was Plaintiff's supervisor and will be

called to present testimony concerning the allegations raised by Plaintiff in his complaint concerning his employment situation and claims of age discrimination.

3. James Conyers – 2919 S. Jebel Way, Denver, CO – (303) 210-2759. Mr. Conyers is/was an employee of Defendant. Mr. Conyers will be called to present testimony about Mr. Burnham, Plaintiff, promotions received, positions held, salary earned and any other information relevant to the claims made by Plaintiff.

4. Mark Rinnert, 2100 South High Street, Denver, CO 80210 - (303) 871-4334. Mr. Rinnert is an employee of Defendant and will be called to present testimony concerning Mr. Burnham's actions as a supervisor and his knowledge of Plaintiff, his work ethic, experience and any other information relevant to the claims made by Plaintiff.

5. Molly Rossi, 6512 West Arbor Avenue, Littleton, CO – (303) 246-5942. Ms. Rossi was employed in Defendant's EEO office and investigated Plaintiff's claims of age discrimination and issued a report concerning her findings.

ii. For Defendant:

1. Chad Burnham – 2100 S. High St. Denver, CO – (303) 871-4441. Mr. Burnham was Plaintiff's supervisor and will testify about his job duties and performance; changes in the Telecommunications Department; the duties and performance of other employees; and

any other information relevant to the claims and defenses in this matter.

2. Gary Starling – 2100 S. High St. Denver, CO – (303) 871-4030. Mr. Starling is Plaintiff's current supervisor and will testify about Plaintiff's promotion to an engineer position, his performance and duties in the position, and the performance and job duties of other employees in the Information Technology Department.
3. Cindy Crouch – 930 S. Clarkson Street, Denver, CO – (720) 201-1155. Ms. Crouch was Mr. Burnham's supervisor and will testify about changes to the Telecommunications Department, Plaintiff's job duties and performance, and her communications with Plaintiff.
4. Alex Khramov – 2100 S. High St. Denver, CO – (303) 871-4447. Mr. Khramov was Plaintiff's supervisor and will testify about Plaintiff's job duties and performance; the job duties and performance of other employees; and communications with Plaintiff.
5. James Conyers – 2919 S. Jebel Way, Aurora, CO – (303) 210-2759. Mr. Conyers is an alleged comparator and will testify regarding his job duties, experience, qualifications, and performance at DU.
6. Marcelo Lew – 2100 S. High St. Denver, CO – (303) 871-6523. Mr. Lew is an alleged comparator and will testify regarding his job duties, experience, qualifications, and performance at DU.

7. Mike Mott – 2100 S. High St. Denver, CO – (303) 871-6523. Mr. Mott is an alleged comparator and will testify regarding his job duties, experience, qualifications, and performance at DU.

b. The following witnesses may be present at trial if the need arises:

i. For Plaintiff:

1. Plaintiff does not anticipate additional witnesses will be called, however, reserves the right to call any witness necessary for impeachment, rebuttal or surrebuttal.

ii. For Defendant:

1. HR Representative to authenticate documents, if necessary.

2. Defendant reserves the right to call any witness necessary for impeachment, rebuttal, or surrebuttal.

c. Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

i. For Plaintiff:

1. Plaintiff does not anticipate the need to call any witnesses by way of deposition testimony.

ii. For Defendant:

1. Defendant does not anticipate the need to call any witnesses by way of deposition testimony.

2. Expert Witnesses:

a. Expert witnesses who will be present at trial:

   i. For Plaintiff:

      1. Jeffrey Nehls, M.A., Pacey & McNulty, 3005 Center Green Drive, Suite 200, Boulder, CO 80301 – (303) 530-5333. Mr. Nehls will present testimony concerning his analysis of Plaintiff's economic losses in this matter.

   ii. For Defendant:

      1. No experts.

b. Expert witnesses who may be present at trial:

   i. For Plaintiff – None

   ii. For Defendant – None

c. Expert witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   i. For Plaintiff – None

   ii. For Defendant – None

**7. EXHIBITS**

See attached Joint Exhibit List.

Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

The parties are not aware of any special issues in this case that this time.

## 10. SETTLEMENT

a. Counsel for the parties met by telephone on May 25, 2018 to discuss in good faith the settlement of the case.

b. The participants in the settlement conference included counsel.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties DO intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that there is some possibility of settlement.

f. Counsel for the parties may consider ADR in accordance with D.C.COLO.LCivR. 16.6. Plaintiff anticipates providing a more recent demand to Defendant.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 69 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision

of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

**13. TRIAL AND ESTIMATED TRIAL TIME;**
**FURTHER TRIAL PREPARATION PROCEEDINGS**

1. The trial in this matter is to a jury,
2. It is estimated the trial in this matter could be completed in three days,
3. The trial is to be held in Denver at the United States District Court for the District of Colorado, and
4. There are no other issues pertinent to the trial in this matter.

DATED this 11th day of June, 2018.

BY THE COURT

________________________________
United States District Court Judge

APPROVED:

s/ Charles W. Hemphill
***Charles W. Hemphill***
The Law Offices of Charles W. Hemphill
8441 West Bowles Avenue, Suite 250
Littleton, CO 80123
Telephone: (303) 933-7886
Facsimile: (303) 933-7889
E-Mail:cwhemphillaw@hemphilllawfirm.com

s/ Jim Goh
***Jim Goh***
Heidi Wilbur
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
600 17th Street, Suite 2700-S
Denver, CO 80202
Telephone: (720) 343-7570
Facsimile: (720) 343-7571
E-Mail: jgoh@constangy.com
hwilbur@constangy.com