**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 16-cv-01324-MSK-NYW

GREG A. CLARKSON,

Plaintiff,

v.

UNIVERSITY OF DENVER, a Colorado Non-Profit Corporation,

Defendant.

---

**STIPULATED JURY INSTRUCTIONS**

---

INSTRUCTION NO: ______________________

## STATEMENT OF THE CASE

The Plaintiff in this lawsuit is Greg Clarkson. Mr. Clarkson is claiming his employer, the Defendant, University of Denver, also known as DU, discriminated against him during the course of his employment because of his age.

Mr. Clarkson has been employed by DU for over 31 years. He currently holds the position of Telecommunications Analyst III. Mr. Clarkson is 62 years old and does not have any plans to retire in the near future. Mr. Clarkson is well-educated, holding an Associate's Degree in Computer Science and a Bachelor of Arts Degree in Applied Computers. Mr. Clarkson has continued his education endeavors throughout his adult life. He now possesses enough credits for a Masters Degree. Mr. Clarkson is not only highly educated but considerably experienced in computers and telecommunications. Mr. Clarkson claims that his one-time supervisor, Chad Burnham, discriminated against him because he is an older worker. Mr. Clarkson had never been written up, criticized, disciplined or formally reprimanded for job performance issues, until Mr. Burnham became is supervisor in 2013. During their first meeting, Mr. Burnham questioned Mr. Clarkson's age and wanted to know when he planned to retire. Mr. Burnham treated younger employees more favorably than older employees. Mr. Clarkson was denied training opportunities, excluded from staff meetings, denied promotions, was prohibited from applying for positions which could have resulted in a promotion and higher earnings and was denied wage increases by Mr. Burnham. Mr. Burnham, at times, would not respond to Mr. Clarkson's inquiries concerning job-related issues. Mr. Clarkson followed DU's requirements and reported his concerns about Mr. Burnham's conduct. Mr. Clarkson was not the only employee to have complained about Mr. Burnham's

treatment of older workers and will present testimony from at least one other individual who claims to have been discriminated against because of his age.

Mr. Burnham created positions for younger, inexperienced employees. Mr. Burnham failed to post positions which would have been promotions for Mr. Clarkson, thereby denying Mr. Clarkson the opportunity to apply for such positions. Younger employees were placed into created Engineering positions while Mr. Clarkson remained an Analyst, thereby making Mr. Clarkson a subordinate to the younger, inexperienced, Engineers. Mr. Burnham removed many of Mr. Clarkson's job responsibilities and gave them to younger employees to perform.

Mr. Clarkson is seeking damages against DU for age discrimination.

Defendant DU denies discriminating against Mr. Clarkson or engaging in any unlawful conduct. At the time this lawsuit was filed, Mr. Clarkson was employed as a Telecommunications Analyst III and was the most senior-level and highly-compensated analyst in DU's University Technology Services ("UTS") Telecommunications Services unit. In 2015, during the time period in which Mr. Clarkson alleges that he was discriminated against by Mr. Burnham, Mr. Clarkson received a $14,000 raise which increased his salary by approximately 22%. He has also received regular merit raises throughout his employment at DU. In March 2018, Mr. Clarkson was promoted to the position of Information Security Engineer.

Mr. Clarkson nonetheless alleges that DU discriminated against him by removing some of the job duties which he enjoyed, not promoting him to an engineer position, and not allowing him to attend certain types of training. DU denies that it took any adverse actions against Mr. Clarkson.

Mr. Clarkson's job duties have changed throughout his employment at DU. However, these changes have been caused by the constantly evolving nature of technology, changes to the organizational structure of UTS, and other legitimate non-discriminatory reasons. During the

relevant time period of this lawsuit, UTS underwent a major reorganization. As a result, DU had to adapt and modify the job duties of all individual staff members. Mr. Clarkson's job description was revised to reflect the duties he was actually performing at the time. Additionally, one of Mr. Clarkson's most time-consuming job duties had to be reassigned at his request due to a back injury.

During the reorganization, several employees were reclassified into engineer positions based on their technical ability and extensive day-to-day involvement in engineering tasks. Mr. Clarkson did not express an interest in any of these positions and had not demonstrated that he was able to satisfactorily perform the duties of an engineer. Indeed, Mr. Clarkson has had the same performance issues under multiple supervisors. In contrast, the employees who were reclassified into engineer roles had proven themselves to be much more qualified for the engineer positions than Mr. Clarkson. In March 2018, DU nonetheless decided to promote Mr. Clarkson to an engineer position, but he has so far struggled to meet his performance expectations.

DU also denies that it denied Mr. Clarkson the opportunity to participate in training that was materially related to his job duties. Instead, DU has provided Mr. Clarkson with ample opportunities for training on numerous types of technology. DU has only denied Mr. Clarkson's requests to attend "training" that was not related to his job or that was, in fact, merely a sales pitch.

In sum, although Mr. Clarkson may be unhappy about changes that have occurred at DU, DU has not engaged in any discrimination against Mr. Clarkson. To the contrary, the university has promoted and supported Mr. Clarkson throughout his decades-long career at DU.

INSTRUCTION NO: ______________________

**AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**
**STATUTE INVOLVED**

The Plaintiff has brought this lawsuit under the Age Discrimination in Employment Act, also called the ADEA. The purpose of the ADEA is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals who are 40 years of age or older based on their age.

The ADEA makes it unlawful for an employer to discriminate against an individual who is 40 years of age or older, with respect to his or her compensation, terms, conditions, or privileges of employment, because of his or her age.

Authority:

Practitioner's Guide to Colorado Employment Law (Gallagher, Miller & Brown), Third Edition, Volume 2 (2018); 29 U.S.C. § 623(a)(1)-(2); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010); *O'Conner v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311 (1996); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993).

INSTRUCTION NO: ______________________

**AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**
**ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIMS**
**DISPARATE TREATMENT**

In order for Plaintiff to prevail on Plaintiff's claim against Defendant for age discrimination in employment, Plaintiff must prove the following three essential elements by a preponderance of the evidence:

First: That Plaintiff was forty years of age or older;

Second: That Plaintiff suffered an adverse employment action; and

Third: That Defendant would not have taken the adverse employment action(s) but for Plaintiff's age.

The mere fact that Plaintiff is 40 years of age or older and suffered an adverse employment action(s) is not sufficient, in and of itself to establish Plaintiff's claim. Defendant will only be liable if you find that the action(s) would not have been taken but for Plaintiff's age.

Authority:

O'Malley, *et al*, Federal Jury Practice and Instructions, Sixth Edition, §173.19 (modified)

INSTRUCTION NO: ________________________

**PRETEXT**

If you find based on the facts that Defendant's explanation for taking an adverse employment action against Plaintiff is not worthy of belief, then you may, but need not draw the inference that age discrimination was the true reason these action(s) were taken against Plaintiff.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §173.26

INSTRUCTION NO. ___

**THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction No. 3.2.2 (2013).

INSTRUCTION NO: ______________________

**RESPONDEAT SUPERIOR**

Defendant, University of Denver, also known as DU, is a corporation. A corporation may only act through natural persons as agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of the agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation. Even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

Authority:

O'Malley, *et al*, Federal Jury Practice and Instructions, Sixth Edition §173.25

INSTRUCTION NO: ________________________

**LIABLE PARTY**

Only employers can be held liable under the ADEA. Therefore, Plaintiff's age discrimination claim is only against the University of Denver, also known as DU, and not against any individual person.

Authority:

O'Malley, *et al*, Federal Jury Practice and Instructions, Civil Companion Handbook, Vol. 2, §16.1, Final Instruction No. 16 (2017-2018)

INSTRUCTION NO: ______________________

**OPINION EVIDENCE**
**EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §104.40

INSTRUCTION NO: ______________________

**CREDIBILITY OF WITNESSES**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.

The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §101:43

INSTRUCTION NO: ________________________

**IMPEACHMENT**
**INCONSISTENT STATEMENTS OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §105:04

INSTRUCTION NO: ________________________

**ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §105.11

INSTRUCTION NO: ______________________

**COMPENSATORY DAMAGES**

If you find Defendant unlawfully discriminated against Plaintiff on the basis of Plaintiff's age, then you must determine the amount of damages that Plaintiff has sustained, if any.

You are to award Plaintiff an amount equal to the pay that Plaintiff would have received from the Defendant had Plaintiff been promoted from the time that Plaintiff could have been promoted until the date of trial.

You should deduct from this sum whatever wages Plaintiff has received from his employment during this period.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §173.70

INSTRUCTION NO: ________________________

**VERDICT FORM**

1. Do you find by a preponderance of the evidence that Plaintiff suffered an adverse employment action?

___________ Yes ___________ No

If your answer to Question No. 1 is "Yes," then answer the next question.

If your answer to Question No. 1 is "No," do not answer the following questions.

2. Do you find by a preponderance of the evidence that the Plaintiff's age was the reason Defendant took the adverse employment action or actions against Plaintiff?

__________ Yes __________ No

If your answer to Question No. 2 is "Yes," then answer the next two questions.

If your answer to Question No. 2 is ""No," do not answer the following questions.

3. What amount of damages did Plaintiff sustain as a result of Defendant's decision not to promote Plaintiff because of his age?

BACK PAY $______________________________

4. Do you find from a preponderance of the evidence that Defendant's decision to take an adverse employment action against Plaintiff was willful as defined in these instructions?

__________ Yes __________ No

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §173:76

INSTRUCTION NO: ________________________

**VERDICT FORM**

1. Do you find by a preponderance of the evidence that Plaintiff suffered an adverse employment action?

___________ Yes ___________ No

If your answer to Question No. 1 is "Yes," then answer the next question.

If your answer to Question No. 1 is "No," do not answer the following questions.

2. Do you find by a preponderance of the evidence that Plaintiff's age was the reason Defendant took an adverse employment action against Plaintiff?

___________ Yes ___________ No

If your answer to Question No. 2 is "Yes," then answer the next two questions.

If your answer to Question No. 2 is ""No," do not answer the following questions.

3. What amount of damages did Plaintiff sustain as a result of Defendant's decision to not promote Plaintiff because of his age?

BACK PAY $ ______________________________

FRONT PAY $ ______________________________

4. Do you find from a preponderance of the evidence that Defendant's decision to take an adverse employment action against Plaintiff was willful as defined in these instructions?

___________ Yes ___________ No

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §173:76

# PLAINTIFF'S DISPUTED INSTRUCTIONS

INSTRUCTION NO: ______________________

**QUALIFIED FOR POSITION**

To prove he was qualified for the position, Plaintiff need only show that he possesses the basic skills necessary for performance of the job.

However, if Plaintiff fails to demonstrate that he was meeting Defendant's expectations at the time of the adverse employment action, then you must find for Defendant.

Authority:

Federal Employment Jury Instructions (McNamara & Southerland), Vol. 1, §2:280

INSTRUCTION NO: ________________________

**ADEA – AGE-RELATED REMARKS**

The Plaintiff may prove discriminatory intent under ADEA, either directly, or indirectly, by offering evidence of remarks that are age-related. In considering the weight to place on this evidence, you may consider the following factors:

1. whether the remarks were close in time to the adverse employment action at issue,
2. whether the remarks were made by an individual with authority over the employment decisions at issue, and
3. whether the remarks were connected to the employment decisions at issue.

A single spoken statement referring to age, standing alone, may, but does not necessarily, prove an intent to discriminate. Such a statement, if you believe it occurred, is like any other evidence any you may consider it or reject it in light of all of the facts as you find those facts to be.

<u>Authority</u>:

Practitioner's Guide to Colorado Employment Law (Gallagher, Miller & Brown) Third Edition, Volume 2 (2018); *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2111-12 (2000); *Hare v. Denver Merch. Mart, Inc.*, 255 F.App'x 298, 303 (10th Cir. 2007); *Danville v. Regional Lab Corp.*, 292 F.3d 1246, 1251 (10th Cir. 2002); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998); *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531-32 (10th Cir. 1994).

INSTRUCTION NO: ________________________

**ADEA – AGE OF RECIPIENT OR REPLACEMENT**

Where the employee that received a promotion, or assumed some of Plaintiff's job responsibilities, received training and/or wage increases, the fact that one or more of these employees is 40 years of age or over is irrelevant to the determination of whether discrimination occurred, so long as the Plaintiff's suffered an adverse employment action because of his age.

Authority:

29 C.F.R. §1625.2(a)*; Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1138 (10th Cir. 2000); *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1167 (10th Cir. 1998); *O'Conner v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 560 (10th Cir. 1996).

INSTRUCTION NO: ______________________

**ADVERSE EMPLOYMENT ACTION**

An adverse employment action is one that results in discrimination against an individual with respect to his or her compensation, terms, conditions or privileges of employment or that limits, segregates, or classifies employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee.

Authority:

Federal Employment Jury Instructions (McNamara & Southerland), Vol. 1, §2:290; 29 U.S.C. §623(a)(1997)

INSTRUCTION NO: ________________________

**INTENT**

Intent ordinarily may not be proved directly because there is no way of understanding or scrutinizing the operation of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances indicating the party's state of mind.

You may consider it reasonable to draw the inference and find a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is for you to decide what facts have been established by the evidence.

Authority:

O'Malley, *et al*, Federal Jury Practice and Instructions, Sixth Edition §121:01

INSTRUCTION NO: ________________________

**PROVISIONS OF STATUTE, ORDINANCE, OR REGULATION**

Because everyone is required to act with knowledge of what the law forbids and what the law requires to be done, the provisions of law set forth in the statute which is the Age Discrimination in Employment Act, are to be considered by the jury as one of the circumstances in evidence in the case surrounding the conduct of both the Plaintiff and the Defendant.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §120.40

INSTRUCTION NO: ________________________

**WILLFUL DEFINED**

If you find that the Defendant discriminated against the Plaintiff on the basis of his age, you must now determine whether Defendant's violation was "willful." If you find that the Defendant's violation of the ADEA was "willful," the Court may award additional damages under the law.

A Defendant acts "willfully" if it either knew or showed reckless disregard for whether its conduct was prohibited by the ADEA.

Authority:

Practitioner's Guide to Colorado Employment Law (Gallagher, Miller & Brown), Third Edition, Volume 2 (2018); 29 U.S.C. § 626(b)(7(b); *Hazen Paper v. Biggins*, 507 U.S. 604, 616 (1993); *Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1283 (10th Cir. 2003).

INSTRUCTION NO: ______________________

**FRONT PAY**

If Plaintiff proves by a preponderance of the evidence that Defendant has violated the Age Discrimination in Employment Act, you must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Plaintiff would have earned had Plaintiff been promoted from the date of you verdict until the date when Plaintiff would have voluntarily resigned or obtained other employment.

You may award Plaintiff damages for future lost wages only if you determine these damages were caused by Defendant's failure to promote Plaintiff. If you determine Plaintiff is entitled to future lost wages, you must consider the following in arriving at an amount:

First: Plaintiff's prospects for another job.

Second: The length of time that it should take Plaintiff to get such a job.

Third: The number of years remaining before Plaintiff would most probably retire.

You must also reduce any award to its present value by considering the interest Plaintiff could earn on the amount of the award if Plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff if Plaintiff receives it today than if Plaintiff received it in the future, when Plaintiff otherwise would have earned it. It is more valuable because Plaintiff can earn interest on it for the period of time between the date of the award and the date Plaintiff would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Plaintiff can earn on that amount in the future.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition §173.71

**DEFENDANT'S DISPUTED INSTRUCTIONS**

INSTRUCTION NO. _

**BUSINESS JUDGMENT**

In reaching your verdict, you should keep in mind that the ADEA does not ensure that employees will always be treated fairly, but only prohibits an employer from making employment decisions for illegal reasons. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own business judgment. An employer may make employment decisions as it sees fit, so long as it is not unlawful.

It is therefore not your function to try to second-guess or question Defendant DU's actions, such as decisions related to promotions, training, and job responsibilities, unless you find that the actions were motivated by discrimination.

Authority:

O'Malley, *et al*, Federal Jury Practice and Instructions, Sixth Edition §171.75; *Selenke v. Medical Imaging of Colorado*, 248 F.3d 1249, 1261 (10th Cir. 2001); *Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1318 (10th Cir. 1999).

INSTRUCTION NO. ____

**ADVERSE EMPLOYMENT ACTION**

An adverse employment action is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. A denial of training could be an adverse employment action where the training is materially related to the employee's job responsibilities or possibilities for advancement.

A mere inconvenience or alteration of job responsibilities is not an adverse employment action. Additionally, the fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action.

Authority:

*Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007); *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1279 (10th Cir. 2005); Gooden v. Internal Revenue Serv., 679 Fed. Appx. 958, 965 (11th Cir. 2017).

INSTRUCTION NO. __

**MITIGATION OF DAMAGES**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Plaintiff to be reasonably diligent in seeking a promotion. To prove that Plaintiff failed to mitigate damages, the Defendant must prove by a preponderance of the evidence that Plaintiff did not make reasonably diligent efforts to obtain a promotion.

If you find that the Defendant proved by a preponderance of the evidence that Plaintiff failed to mitigate damages, then you should reduce the amount of Plaintiff's damages by the amount that could have been reasonably realized if Plaintiff had taken advantage of an opportunity for promotion

Authority:

Eleventh Circuit Pattern Civil Jury Instructions 4.10 (2013)

INSTRUCTION NO. ___

**WILLFUL**

If the Defendant knew its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If the Defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

Authority:

O'Malley, *et al*. Federal Jury Practice and Instructions, Sixth Edition § 173:40

INSTRUCTION NO. __

**BUSINESS JUDGMENT IN PROMOTION DECISIONS**

It is not your job to second-guess the Defendant's promotion decisions unless Plaintiff can show that the decisions were a pretext for discrimination. In order to meet this standard, Plaintiff must produce evidence to show an overwhelming disparity in qualifications between himself and those promoted, such that no reasonable decision maker could have viewed those promoted as being better qualified.

Authority:

*Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1198-1200 (10th Cir. 2008); *Johnson v. Weld County*, 594 F.3d 1202, 1211 (10th Cir. 2010).